IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| SEVEN SIGNATURES GENERAL PARTNERSHIP, | ) CIVIL NO. 11-00500 JMS-RLP ) |
| Petitioner, | ) FINDINGS AND RECOMMENDATION ) REGARDING THE AMOUNT OF ) REASONABLE ATTORNEYS' FEES TO BE |
| vs. | ) AWARDED PURSUANT TO THE NINTH ) CIRCUIT'S JULY 1, 2014 ORDER |
| IRONGATE AZREP BW LLC, | ) ) |
| Respondent. | ) ) |

FINDINGS AND RECOMMENDATION REGARDING THE AMOUNT OF
REASONABLE ATTORNEYS' FEES TO BE AWARDED PURSUANT
TO THE NINTH CIRCUIT'S JULY 1, 2014 ORDER[1]

On July 1, 2014, the Ninth Circuit issued an order granting Irongate Azrep BW LLC's ("Irongate") application for attorneys' fees under the Master Sale Agreement, including those incurred in the course of Ninth Circuit mediation. ECF No. 48. The Ninth Circuit transferred further proceedings as to the amount of the reasonable attorneys' fees to the district court. Id. At the July 23, 2014 status conference, the parties agreed that no further briefing was required regarding the attorneys' fees requested. ECF No. 50. In their application, Irongate requests $43,942.39 in attorneys' fees. ECF No. 51 at 1. After careful consideration of the submissions of the parties, the

---

[1] Within fourteen days after a party is served with a copy of the Findings and Recommendation, that party may, pursuant to 28 U.S.C. § 636(b)(1)(B), file written objections in the United States District Court. A party must file any objections within the fourteen-day period allowed if that party wants to have appellate review of the Findings and Recommendation. If no objections are filed, no appellate review will be allowed.

Court FINDS AND RECOMMENDS that Irongate be awarded $32,732.97 in attorneys' fees pursuant to the Ninth Circuit's July 1, 2014 Order.

ANALYSIS

In diversity cases, the Court applies state law in calculating the reasonableness of attorneys' fees. See Kona Enters., Inc. v. Estate of Bishop, 229 F.3d 877, 883 (9th Cir. 2000); See Notice of Removal, ECF No. 1, ¶¶ 3-6 (asserting jurisdiction under 28 U.S.C. § 1332).  Hawaii courts calculate reasonable fees based on a method that is nearly identical to the traditional "lodestar" calculation set forth in Hensley v. Eckerhart, 461 U.S. 424, 433 (1983).  See DFS Grp. L.P. v. Paiea Props., 131 P.3d 500, 505 (Haw. 2006).  Under the lodestar method, the court must determine a reasonable fee by multiplying the number of hours reasonably expended by a reasonable hourly rate.  See id. 505-06.  In addition, the court may consider additional factors including the novelty of the questions involved and charges for similar service in the community.  See Chun v. Bd. of Trs. of Emps.' Ret. Sys. of Haw. 106 P.3d 339, 358 (Haw. 2005); Chun v. Bd. of Trs. of Emps.' Ret. Sys. of Haw., 992 P.2d 127, 137 (Haw. 2000).  Irongate requests the following attorneys' fees for work performed by its counsel on appeal:

| **ATTORNEY** | **HOURS** | **RATE** | **TOTAL** |
|---|---:|---:|---:|
| Terence O'Toole, Esq. | 17.2 | $500.00 | $8,600.00 |

| Andrew Lautenbach, Esq. | 94.9 | $275.00 | $26,097.50 |
|---|---|---|---|
| Margaret Jenkins, Esq. | 23.0 | $300.00 | $6,900.00 |
| Chynna Stone, law clerk | 2.1 | $175.00 | $367.50 |
| SUBTOTAL | | | $41,965.00 |
| General Excise Tax | | 4.712% | $1,977.39 |
| **TOTAL** | | | **$43,942.39** |

See Aff. of Andrew J. Lautenbach ("Lautenbach Aff."), ECF No. 51-2, ¶ 7.

### 1. Reasonable Hourly Rate

The Court finds that federal case law regarding the determination of a reasonable hourly rate is instructive in this case. See Cnty. of Haw. v. C & J Coupe Family Ltd. P'ship, 208 P.3d 713, 720 (Haw. 2009). In assessing whether an hourly rate is reasonable, a court "should be guided by the rate prevailing in the community for similar work performed by attorneys of comparable skill, experience, and reputation." Webb v. Ada Cnty., 285 F.3d 829, 840 (9th Cir. 2002) (citing Chalmers v. City of L.A., 796 F.2d 1205, 1210-11 (9th Cir. 1986)); see also Gates v. Deukmejian, 987 F.2d 1392, 1405 (9th Cir. 1992) (noting that the rate awarded should reflect "the rates of attorneys practicing in the forum district").

In its prior decision regarding attorneys' fees, which was adopted by the district court, the Court detailed why the hourly rates requested for Mr. O'Toole and Mr. Lautenbach were

3

excessive.  See ECF No. 43 at 20-21; ECF No. 45.  The Court applies that same analysis here.  However, given the more than two years that have passed since that decision, the Court finds that an increase in the reasonable hourly rate awarded is appropriate.  Accordingly, the Court finds that hourly rates of $390.00 for Mr. O'Toole and $190.00 for Mr. Lautenbach are reasonable.  Based on the experience of Ms. Stone, a third-year law student, the Court finds that the $175.00 per hour rate requested is excessive.  See Lautenbach Aff. ¶ 12.  The Court finds that a reasonable hourly rate for Ms. Stone is $100.00. See Eggs 'N Things Int'l Holdings PTE, Ltd. v. ENT Holdings LLC, Civil No. 11-00626 LEK-KSC, 2012 WL 1231962, at *1 (D. Haw. Mar. 20, 2012) (finding $100 per hour was a reasonable hourly rate for a law clerk).  Based on Ms. Jenkins' experience and skill, the Court finds that the $300.00 hourly rate requested is reasonable. See Lautenbach Aff. ¶ 11.

    **2.   Hours Reasonably Expended**

Irongate bears the burden of documenting the appropriate hours expended in the litigation and must submit evidence in support of those hours worked.  See Smothers v. Renander, 633 P.2d 556, 563 (Haw. Ct. App. 1981) (stating that it is the prevailing party's burden to show that the fee is for services reasonably and necessarily incurred).  Seven Signatures then has the burden of rebuttal that requires submission of

evidence challenging the accuracy and reasonableness of the hours charged or the facts asserted by the fee applicant in its affidavits. See Gates, 987 F.2d at 1397-98.

    **a. Duplicative Time**

Seven Signatures argues that Irongate should not be awarded attorneys' fees for two lawyers attending mediation and oral argument because one attorney's participation would have been sufficient. ECF No. 52 at 18. Two attorneys may recover fees for their appearances at court proceedings when it is reasonable and necessary for a "second chair" to appear with lead counsel. Ko Olina Dev., LLC v. Centex Homes, Civil No. 09-00272 DAE-LEK, 2011 WL 1235548, at *12 (D. Haw. March 29, 2011). The Court finds that it was reasonable for two attorneys to appear for Irongate during the mediation and at oral argument. As noted by Irongate in its Reply, Seven Signatures had two attorneys attend oral argument as well. ECF No. 53 at 10.

    In reviewing the time entries provided by Irongate's counsel, the Court notes that there are several entries by both Mr. O'Toole and Mr. Lautenbach that appear to be for attending the same conference or call. Generally, two attorneys cannot bill for attending: (1) a meeting between co-counsel; (2) a client meeting; or (3) a meeting with opposing counsel. See, e.g., Ko Olina, 2011 WL 1235548, at *12 (quoting Nat'l Comm'n for Certification of Crane Operators v. Ventula, Civ. No. 09-00104

5

SOM-LEK, 2010 WL 2179505, at *5 (D. Haw. Apr. 30, 2010)). In such situations, the Court typically deducts the time spent by the lowest-billing attorney. Id. Here, there are several entries by both Mr. O'Toole and Mr. Lautenbach that appear to be for attending the same conference or call. The time entries at issue are below:

| **DATE** | **ATTORNEY** | **TIME** | **DESCRIPTION** |
|---|---|---|---|
| 3/1/12 | Lautenbach | 0.6 | Attend teleconference with Ninth Circuit mediator (.4); Follow up with Mr. O'Toole and client re same (.2) |
| 3/1/12 | O'Toole | 1.1 | Coordinate with clients on Ninth Circuit mediation |
| 3/9/12 | Lautenbach | 0.8 | Telephone calls with mediator, opposing counsel, and counsel for Mr. Shintaku |
| 3/9/12 | O'Toole | 0.8 | Telephone conference with circuit mediator |
| 4/19/12 | Lautenbach | 0.6 | Teleconference with client re mediation position |
| 4/19/12 | O'Toole | 0.4 | Preparation for and conference call with Messrs. Federman and Grosfeld to discuss status and strategy |
| 5/30/12 | Lautenbach | 1.1 | Participate in teleconference with mediator (.3); follow up with client and opposing counsel re next steps for mediation and settlement discussions (.8) |
| 5/30/12 | O'Toole | 1.1 | Telephone conference with Ninth Circuit mediator and follow-up with Mr. Grosfeld |

Based on the duplicative nature of these time entries, the Court deducts the time spent by Mr. Lautenbach (3.1 hours),

the lower-billing attorney, from the hours requested.

      **b.**    **Excessive and Unnecessary Time**[2]

Seven Signatures argues that Irongate should not be awarded attorneys' fees for work performed by Ms. Jenkins on the Answering Brief, which is in addition to the time billed by Mr. Lautenbach. ECF No. 52 at 18-19. Irongate contends that Ms. Jenkins' experience in appellate work added value to Irongate's briefing on appeal. ECF No. 53 at 11. Based on the Court's review of the time entries, it appears that Ms. Jenkins did the majority of the work on Irongate's answering brief, with Mr. Lautenbach only billing time for outlining the arguments and revising the draft. ECF No. 51-5 at 3. The Court finds that the time requested for work performed by Ms. Jenkins is reasonable.

      **3.**    **Total Lodestar Award**

Based on the foregoing, the Court FINDS that Irongate has established the appropriateness of an award of attorneys' fees as follows:

| **ATTORNEY** | **HOURS** | **RATE** | **TOTAL** |
|---|---:|---:|---:|
| Terence O'Toole, Esq. | 17.2 | $390.00 | $6,708.00 |

---

[2] In the July 1 Order, the Ninth Circuit rejected Seven Signatures' argument that the attorneys' fees incurred by Irongate for participation in mediation were unnecessary by expressly granting fees "including those incurred in the course of Ninth Circuit mediation." See ECF No. 48.

| Andrew Lautenbach, Esq. | 91.8[3] | $190.00 | $17,442.00 |
|---|---|---|---|
| Margaret Jenkins, Esq. | 23.0 | $300.00 | $6,900.00 |
| Chynna Stone, law clerk | 2.1 | $100.00 | $210.00 |
| SUBTOTAL | | | $31,260.00 |
| General Excise Tax | | 4.712% | $1,472.97 |
| **TOTAL** | | | **$32,732.97** |

Accordingly, the Court RECOMMENDS that Irongate be awarded $32,732.97 in attorneys' fees.

## CONCLUSION

In accordance with the foregoing, the Court FINDS AND RECOMMENDS that Irongate be awarded $32,732.97 in attorneys' fees pursuant to the Ninth Circuit's July 1, 2014 Order.

IT IS SO FOUND AND RECOMMENDED.

DATED AT HONOLULU, HAWAII, JULY 25, 2014.



_____
Richard L. Puglisi
United States Magistrate Judge

**SEVEN SIGNATURES V. IRONGATE, CIVIL NO. 11-00500 JMS-RLP; FINDINGS AND RECOMMENDATION REGARDING THE AMOUNT OF REASONABLE ATTORNEYS' FEES TO BE AWARDED PURSUANT TO THE NINTH CIRCUIT'S JULY 1, 2014 ORDER**

---

[3] 94.9 hours requested - 3.1 hours for duplicative work = 91.8.